925 F.2d 44
 1991 A.M.C. 1495
 ALEXANDER & ALEXANDER SERVICES, INC., Alexander & Alexander,
Inc., and Alexander & Alexander of New York, Inc.,
Third-Party Plaintiffs-Appellees,
v.
LLOYD'S SYNDICATE 317, Third-Party Defendant-Appellant.
 No. 1093, Docket 89-9231.
 United States Court of Appeals,
Second Circuit.
 Certified to New York Court of Appeals April 18, 1990.
Submitted After Answer to Certified Question Dec. 21, 1990.
Argued April 6, 1990.
Decided Jan. 22, 1991.
 
 John M. Woods, New York City (Thacher Proffitt & Wood, Joseph G. Grasso, of counsel), for third-party defendant-appellant Lloyd's Syndicate 317.
 Jonathan C. Thau, New York City (Wilson, Elser, Moskowitz, Edelman & Dicker, Thomas W. Hyland, Thomas A. Leghorn, Michael Schwartzberg, of counsel), for third-party plaintiffs-appellees Alexander & Alexander Services, Inc., Alexander & Alexander, Inc., and Alexander & Alexander of New York, Inc.
 Before KAUFMAN, FEINBERG and WALKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Third-party defendant Lloyd's Syndicate 317 (Syndicate 317) appeals from an amended Memorandum and Order dated October 11, 1989 of the United States District Court for the Southern District of New York, Whitman Knapp, J., denying Syndicate 317's motion to dismiss the third-party complaint against it for lack of personal jurisdiction, and holding that Syndicate 317 was "doing business" in New York within the meaning of New York Civil Practice Law and Rules (CPLR) Sec. 301. Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 720 F.Supp. 26 (S.D.N.Y.1989). The district court certified the issue of jurisdiction for immediate appeal to this court pursuant to 28 U.S.C. Sec. 1292(b), and a panel of this court granted leave to appeal. After hearing argument, in April 1990 we certified the jurisdictional question to the New York Court of Appeals pursuant to New York Rules of Court Sec. 500.17. Alexander & Alexander Services, Inc. v. Lloyd's Syndicate 317, 902 F.2d 165 (2d Cir.1990). That court accepted the certified question and allowed the parties to brief and argue the issue presented. Landoil Resources v. Alexander, 76 N.Y.2d 760, 559 N.Y.S.2d 237, 558 N.E.2d 39 (1990). In November 1990, the New York Court of Appeals answered the certified question in the negative, finding that Syndicate 317 was not "doing business" in New York for purposes of personal jurisdiction under CPLR Sec. 301. Landoil Resources v. Alexander, 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990). The parties thereafter submitted letter briefs to us, which addressed the New York Court of Appeals' answer to the certified question. For the reasons that follow, we now reverse the October 1989 order of the district court.
 
 
 2
 An overview of the manner in which Lloyd's underwriting syndicates operate is necessary to an understanding of this case, and is set forth in some detail in our prior order, which is reported in full at 902 F.2d 165; familiarity with that order is assumed. Our prior order also described in some detail the factual background of this case, id. at 167-68, which is only briefly summarized here.
 
 
 3
 Alexander & Alexander, Inc., a Maryland corporation; Alexander & Alexander of New York Inc., a New York corporation, and Alexander & Alexander Services, Inc., a Maryland corporation (collectively, Alexander), third-party plaintiffs-appellees, obtained political risk insurance policies from various Lloyd's underwriters, including appellant Syndicate 317, as insurance broker for Landoil Resources Corporation (Landoil), a Philippines corporation. Disputes arose regarding alleged losses under the policies, and Landoil reached a settlement with certain Lloyd's underwriters following arbitration proceedings in London to which Alexander was not a party. Landoil thereafter brought the underlying action against Alexander in the United States District Court for the Southern District of New York. In the third-party complaint at issue here, Alexander sought indemnification and contribution from, among others, Syndicate 317. (Although Alexander named a number of underwriting syndicates in its third-party complaint, due to a dispute over the scope of Alexander's service of process the only underwriter purporting to appear and moving to dismiss the complaint was Syndicate 317.)
 
 
 4
 As the district court observed, "in the traditional sense of the phrase [Lloyd's underwriters] do not themselves 'do business' anywhere except in London." 720 F.Supp. at 27. The district court nevertheless found Syndicate 317 subject to personal jurisdiction in New York on the basis of the American Trust Fund (the Fund), which is on deposit at Citibank in New York and administered by a department of the Corporation of Lloyd's, the Finance & Market Services Group (FMSG). Id. at 28. As of December 31, 1988, the balance of the Fund on deposit at Citibank was $9.4 billion. Were it not for the existence of a trust fund for the security of New York insureds at a New York bank, New York insurance brokers would not be permitted to place insurance with Lloyd's syndicates, 11 N.Y.C.R.R. Sec. 27.5(a)(1)(ii), nor would New York insurance companies be permitted to count as an asset or to credit against loss reserves any obligation reinsured by Lloyd's syndicates, 11 N.Y.C.R.R. Sec. 125.4(c). Lloyd's underwriters do not directly deposit monies into the Fund or withdraw monies from it; however, a portion of their premium income derived from underwriting United States risks, including New York risks, is deposited into the Fund.
 
 
 5
 In accordance with these facts, we certified the following question to the New York Court of Appeals:
 
 
 6
 Whether in this case the existence of a trust fund totalling $9.4 billion on deposit at a New York bank and managed by an administrative department of a foreign corporation serving insurance underwriting members suffices to constitute "doing business" by a syndicate of such insurance underwriting members for purposes of CPLR Sec. 301, where the maintenance of the Fund permits New York brokers and insurance companies to conduct business with the syndicate in accordance with New York insurance regulations, 11 N.Y.C.R.R. Secs. 27.5(a)(1)(ii) & 125.4(c), and where a portion of the underwriters' premium income derived from the underwriting of New York risks is deposited in the trust fund.
 
 
 7
 902 F.2d at 168.
 
 
 8
 The New York Court of Appeals discussed each of the three areas of New York activity by Syndicate 317 emphasized by Alexander in its submission to that court, see 563 N.Y.S.2d at 741, 565 N.E.2d at 490. The court held that underwriting policies for New York insureds and risks, like " 'mere sales of a manufacturer's product in New York, however substantial,' " was insufficient New York activity to support personal jurisdiction. Id. 563 N.Y.S.2d at 742, 565 N.E.2d at 491 (quoting Delagi v. Volkswagenwerk A.G., 29 N.Y.2d 426, 433, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972)). The court likewise rejected as a jurisdictional predicate Syndicate 317's indirect interest in the Fund maintained at a New York bank, even though a portion of the income derived from the underwriting of New York risks by Syndicate 317 is deposited into the Fund and the existence of the Fund allows New York brokers and insurance companies to do business with Syndicate 317. Id. 563 N.Y.S.2d at 742-43, 565 N.E.2d at 491-92. Finally, the court held that the activities of FMSG in administering the Fund, even if FMSG were assumed to be the agent of Syndicate 317, did not satisfy New York jurisdictional standards. Id. 563 N.Y.S.2d at 743, 565 N.E.2d at 492. The court concluded that "[t]he facts presented do not support a finding of 'doing business' under the New York statute," and "[a]ccordingly, the certified question should be answered in the negative." Id. 563 N.Y.S.2d at 743, 565 N.E.2d at 492.
 
 
 9
 In the face of these clear findings by the highest court of the State of New York interpreting New York law, Alexander in its letter brief nevertheless urges us to affirm the decision of the district court finding jurisdiction. Alexander first argues that the procedural posture of the case mandates affirmance, contending that Syndicate 317 did not meet its burden of refuting Alexander's prima facie showing of jurisdiction, and requesting that "at the very least" this court permit Alexander to conduct discovery on the jurisdictional issue of the amount of New York risks insured or reinsured by Syndicate 317. Next, Alexander argues that the New York Court of Appeals, possibly misled by the emphasis in our certified question on the Fund alone, considered only whether each of the three areas of New York contact established jurisdiction when taken separately, rather than considering them in conjunction.
 
 
 10
 We find both of Alexander's arguments to be without merit. Addressing the latter argument first, although the New York Court of Appeals did discuss each of Alexander's contentions separately, it also unequivocally concluded that "Syndicate 317 is not subject to in personam jurisdiction in New York State," 563 N.Y.S.2d at 741, 565 N.E.2d at 490, that the CPLR Sec. 301 test for jurisdiction "is not satisfied by the evidence in the record before us," id., and, as stated above, that "[t]he facts presented do not support a finding of 'doing business' under the New York statute," id. 563 N.Y.S.2d at 743, 565 N.E.2d at 492. The New York Court of Appeals clearly ruled on the ultimate issue of personal jurisdiction, not just on the individual validity of each of Alexander's three contentions. Similarly, in light of the New York court's clear statement conclusively determining the issue of jurisdiction, Alexander's related objection to the phrasing of our certified question is beside the point.
 
 
 11
 As to Alexander's procedural argument and request for discovery, nothing in the opinion of the New York Court of Appeals indicated that the magnitude of New York risks insured or reinsured by Syndicate 317 would make any difference; to the contrary, the court implied by its manufacturing analogy that underwriting New York risks, "however substantial," would not make Syndicate 317 amenable to suit in New York. In any event, the court clearly held that the alleged activities of Syndicate 317 in New York were legally insufficient to support a finding of "doing business" in New York for purposes of personal jurisdiction under CPLR Sec. 301, a failing that discovery could not cure.
 
 
 12
 We have considered all of appellees' arguments, and for the reasons stated above, we reverse the order of the district court and direct it to dismiss the action against Syndicate 317 for lack of personal jurisdiction.